# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JOSHUA D. BRODSKY,

     *Plaintiff,*

vs.

DR. MANDORTA*, et al.,*

     *Defendants.*

Case No. 2:13-cv-02249-JAD-GWF

**O R D E R**

This *pro se* prisoner civil rights action by a detainee in the Clark County Detention Center (CCDC) comes before the Court on plaintiff's motion (Doc. 3) styled as an emergency motion for demand for treatment, motion (Doc. 9) for demand for treatment, motion (Doc. 10) to modify defendant, motion (Doc. 12) to be removed from the local jail and placed in the custody of the Marshal, motion (Doc. 13) for discovery, and motion (Doc. 16) for response to order.

The motions (Docs. 3 and 9) seeking an emergency order from this Court intervening in the medical care being provided at the detention center will be denied. The Court reviewed the medical records submitted with the Sheriff's February 26, 2014, response – which include extensive records by health care providers outside the local jail – when the records were filed. The records reflect that: (a) plaintiff has been expeditiously referred to outside health care providers on multiple occasions; (b) his medical needs have been attended to and more serious conditions have been ruled out; and (c) plaintiff's medical needs and complaints have not been ignored by officials, correctional officers, and medical staff at the detention center. At best, the medical records reflect a difference in opinion between plaintiff on the one hand and both inside and outside health care providers on the other as to the nature of his conditions and/or the medical care needed. Emergency intervention by this Court

clearly is not warranted in light of the medical history presented, including in particular the medical history reflected in records from health care providers outside the jail.

The motion (Doc. 12) to be removed from local custody to the custody of the Marshal will be denied for substantially the same reasons. There is no medical emergency requiring court intervention, much less removal of petitioner from local custody. The Court expresses no opinion as to whether such relief would have been available in a federal civil rights action as opposed to in a petition for a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 as applicable.

The motion (Doc. 13) for discovery will be denied. Plaintiff does not need discovery for the resolution of the foregoing motions, and discovery otherwise is premature prior to the entry of a scheduling order following screening of the complaint.

The motion (Doc. 10) to modify defendant to change Dr. Niehandant to Dr. Ziehnadrt will be granted.

The motion (Doc. 16) for a response to order will be denied as moot. There was a delay in service of the response order by the Marshal, and the Sheriff responded promptly once service of the order was effected.

**IT THEREFORE IS ORDERED** that plaintiff's motion (Doc. 10) to modify defendant is GRANTED such that Dr. Ziehnadrt shall be substituted for defendant Dr. Niehandant, with the complaint being so amended by this order.

**IT FURTHER IS ORDERED** that all remaining motions (Docs. 3, 9, 12, 13, and 16) are DENIED.

DATED: April 8, 2014.

_____
Jennifer Dorsey
United States District Judge